UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Ilya Liviz, Sr., I.L., Jr.**

   v.                                      Case No. 19-cv-10096-PJB

**Chief Judge Jeffrey R. Howard,
U.S. Court of Appeals for the
First Circuit et al.**

## MEMORANDUM AND ORDER

Pro se plaintiff Ilya Liviz, Sr., a licensed attorney in Massachusetts, filed an in forma pauperis complaint on behalf of himself and his minor son against five First Circuit judges and two District of Massachusetts judges.[1] His main claim is that the judges denied him access to the courts through adjudicative rulings in several cases that Liviz filed in federal court in connection with state custody proceedings. I dismiss the case pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e), because the complaint is legally and factually frivolous.

### I. BACKGROUND

This case arises from a child custody proceeding in the Massachusetts Juvenile Court involving Liviz and his minor son, I.L., Jr. In August 2016, the Massachusetts Department of

---

[1] Chief Circuit Judge Jeffrey R. Howard, Circuit Judges William J. Kayatta, Jr., David J. Barron, Juan R. Torruella, and O. Rogeriee Thompson, and District Court Judges Nathaniel M. Gorton and Leo T. Sorokin.

Children and Families ("DCF") removed the child from his parents' custody. That same month, the Juvenile Court awarded temporary custody to the DCF and limited Liviz's contact with his son to supervised visits. Because judges act as factfinders in custody proceedings, the Juvenile Court also denied Liviz's motion for a jury trial. The Juvenile Court held a bench trial in 2018 and awarded permanent custody of Liviz's son to the DCF.

In the interim, Liviz embarked on a long, litigious journey to regain his parental rights. He first challenged the Juvenile Court's denial of his motion for a jury trial by filing an interlocutory appeal with a single justice of the Massachusetts Supreme Judicial Court ("SJC") in March 2017. After the single justice denied that petition, Liviz filed a certiorari petition in the Supreme Court of the United States, which was likewise denied. He also appealed the single justice's denial of his motion to file a late notice of appeal to the full SJC. In November 2017, that court affirmed the denial and noted that even if a late appeal had been authorized, Liviz "would have fared no better." See Care and Protection of a Minor, 478 Mass. 1015, 1015 (2017). The court explained that Liviz failed to "articulate any clear arguments regarding a violation of a substantive right, or the absence of an adequate alternative remedy." Id. at 1015-16. Liviz sought to challenge the SJC's

2

decision in the Supreme Court, but his certiorari petition was not docketed because he failed to follow filing procedures.

Undeterred, Liviz filed a complaint in the District of Massachusetts against the SJC and its justices in late November 2017, asserting a litany of constitutional claims.[2] Judge Denise Casper dismissed the case on Younger abstention grounds in light of the pendency of Liviz's custody proceedings in the Juvenile Court. See Liviz v. SCJ, No. 17-cv-12345, 2018 WL 1697125, at *2 (D. Mass. April 6, 2018). The First Circuit, in a panel consisting of Chief Judge Howard and Circuit Judges Kayatta and Barron, affirmed the dismissal. See Liviz v. SJC, No. 18-1340, 2018 WL 4998135, at *1 (1st Cir. Oct. 2, 2018). Liviz tried to appeal the First Circuit's decision to the Supreme Court, but this time his lack of admission to the Supreme Court bar stymied the effort.

In the meantime, in August 2018, Liviz filed another federal lawsuit, on behalf of five unnamed parents who sued representatives of "all three branches of government of the

---

[2] This was not the first lawsuit that Liviz filed in federal court arising from his custody proceedings. In January 2017, he filed a complaint against various state officials for depriving him of his parental rights and violating his right to a jury trial. See Liviz v. Baker et al., No. 17-cv-10130 (D. Mass.). Shortly after, Liviz voluntarily dismissed the case and refiled it in state court. See Liviz v. Baker et al., No. 1781-cv-800 (Middlesex County Superior Court). The state court dismissed virtually every defendant by March 2018, and entered final judgment dismissing the complaint on January 31, 2019.

3

Commonwealth of Massachusetts" in connection with their custody proceedings.  See L. et al. v. Baker et al., No. 18-cv-11674 (D. Mass.) ("Parents' Class Action").  His 199-page complaint alleged that state-wide child welfare system deficiencies violated the parents' rights under federal and state law and sought sweeping injunctive relief.  The case was assigned to Judge Sorokin.  Liviz moved for an "expedited order for DCF to show cause why writ of habe[a]s corpus for child/ren should not issue."  See Doc. No. 4 at 71.  After Judge Sorokin denied the motion, Liviz petitioned the First Circuit for a writ of mandamus.  The First Circuit denied the petition in September 2018, in a panel decision by Chief Judge Howard and Circuit Judges Kayatta and Barron.

Back in the district court, Judge Sorokin repeatedly ordered Liviz to identify the plaintiffs in the Parents' Class Action by name and address, but Liviz refused.  On January 25, 2019, Judge Sorokin dismissed the complaint with prejudice on four grounds: (1) failure to comply with Federal Rule of Civil Procedure 8; (2) lack of subject-matter jurisdiction because at least four of the five named plaintiffs did not authorize Liviz to serve as their attorney; (3) failure to comply with court orders; and (4) violation of Federal Rule of Civil Procedure 11. The next day, Liviz filed a notice of appeal to the First Circuit.  That appeal is pending.

Around the same time, Liviz filed an appeal to the First Circuit in another District of Massachusetts case, Amadi v. McManus, No. 16-cv-11901. The plaintiff in Amadi was a licensed Massachusetts attorney who sued state officials arising from the custody proceedings of his four minor children. He alleged that the defendants conspired to violate his constitutional rights, prevented him from seeing his children, and obstructed his access to the courts. Liviz sought to intervene in the Amadi case. He claims that this case was "'made up' by a governmental investigation" and designed to "mirror" the facts of his custody proceedings in order to create precedent to dismiss his cases. See Compl. ¶¶ 92-100. Judge Gorton denied Liviz's motion to intervene and dismissed the case on Younger abstention grounds.³ See Amadi v. McManus, No. 16-11901, 2018 WL 5555062, at *1 (D. Mass. Oct. 26, 2018). Liviz has filed a notice of appeal to the First Circuit from the denial of his motion to intervene, and Amadi has filed an appeal from the order dismissing the case. Both appeals are pending.

---

³ In 2016, Judge Gorton dismissed a prior version of Amadi's complaint on the grounds of Younger abstention, and the First Circuit affirmed. See Amadi v. McManus, No. 16-cv-10861, 2016 WL 3814597, at *4 (D. Mass. July 11, 2016), aff'd, No. 16-1960, 2017 WL 7048503, at *1 (1st Cir. Oct. 16, 2017). Chief Judge Howard and Circuit Judges Torruella and Thompson decided that appeal. This may explain why Circuit Judges Torruella and Thompson are named as defendants here.

5

In the instant complaint, Liviz has sued the federal judges who issued rulings in Amadi and the Parents' Class Action. He seeks unspecified injunctive relief and a declaration that the defendants breached their duty of judicial integrity, denied him access to the courts, and violated his constitutional rights.

The allegations in the complaint are not cogent, and to the extent they are conclusory, I do not recount them here. The facts alleged relate the procedural history of the lawsuits summarized above. A generous reading of the complaint suggests that Liviz is challenging the merits of the decisions that the defendants reached in those cases.

## II. **STANDARD OF REVIEW**

The in forma pauperis statute permits indigent litigants to commence a federal action without paying filing fees. See 28 U.S.C. § 1915(a). The law protects against abuses of this privilege by requiring courts to dismiss a complaint if it is frivolous or malicious, fails to state a claim, or seeks damages against an immune defendant. See 28 U.S.C. § 1915(e)(2)(B). Section 1915 dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

The initial assessment of a complaint under Section 1915 "must be weighted in favor of the plaintiff." Denton v.

Hernandez, 504 U.S. 25, 33 (1992); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (court construes pro se complaints liberally). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. This standard grants the court "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Facts alleged are clearly baseless when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33; see Neitzke, 490 U.S. at 325, 328 (describing clearly baseless allegations as "fanciful," "fantastic," and "delusional").

### III. ANALYSIS

The core of the complaint appears to be that the defendant judges made improper rulings in the cases Liviz litigated in federal court.[4] He seeks injunctive and declaratory relief.[5]

---

[4] Specifically, Liviz's claims appear related to the Amadi case and the Parents' Class Action. It does not appear that he is challenging the disposition of the SJC case because he has not sued the district judge who dismissed that case. In any event, my assessment of the complaint would be the same even if I construe the claims to encompass that case.

[5] The choice of remedies suggests Liviz recognized that judicial officers are generally immune from suit for money damages

7

The claims must be dismissed under Section 1915 for four independent reasons.

First, this court plainly lacks jurisdiction to entertain Liviz's claims. See DiManno v. Such, 993 F.2d 1530 (1st Cir. 1993) (table) (per curiam) (suggesting that court lacking subject-matter jurisdiction may dismiss case under Section 1915 as based on "indisputably meritless legal theory"); see also Adams v. Netflix, Inc., 726 F. App'x 76, 77 (2d Cir. 2018) (affirming dismissal under Section 1915 for lack of subject-matter jurisdiction); Thomas v. WGN News, 637 F. App'x 222, 223 (7th Cir. 2016) (same). It is apparent from a review of the complaint that Liviz takes issue with the defendants' past rulings. In effect, he seeks to circumvent the appeals process by asking a district court to review the decisions of other district courts and the court of appeals. The structure of federal courts does not permit such a ploy.

It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction. See 28 U.S.C. § 1331; Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923). Appellate jurisdiction is reserved for the courts of appeals and the Supreme Court. See 28 U.S.C. § 1291 ("The

---

arising from judicial conduct. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam).

courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court."); 28 U.S.C. § 1254 (providing for Supreme Court review, by way of writ of certiorari, of decisions of courts of appeals). Because Liviz effectively seeks appellate review of the defendants' decisions, this court lacks subject-matter jurisdiction to adjudicate the matter. See Gallo-Rodriguez v. Supreme Court of U.S., No. 10-5224, 2010 WL 4340397, at *1 (D.C. Cir. Nov. 1, 2010) (per curiam) ("The district court properly held that it lacked jurisdiction to review decisions of the United States Supreme Court, federal appellate courts, or other district courts.") (internal citations omitted); Sanders v. United States, 184 F. App'x 13, 14 (D.C. Cir. 2006) (per curiam) (affirming dismissal because district court lacked jurisdiction to review decisions of court of appeals); In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming dismissal under Section 1915 because district court lacked jurisdiction to review decisions of the Supreme Court).

Second, even if I had jurisdiction over Liviz's claims, the principle of comity counsels in favor of declining to exercise it as a matter of sound equitable discretion. Cf. Coors Brewing Co. v. Mendez-Torres, 678 F.3d 15, 28 (1st Cir. 2012) ("Comity is a doctrine of equitable restraint[.]") (internal quotation

9

marks omitted). At bottom, Liviz is asking me to take the extraordinary step of enjoining and interfering with the operations of other federal district and appellate courts. "When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." Bergh v. State of Wash., 535 F.2d 505, 507 (9th Cir. 1976); see CitiFinancial Corp. v. Harrison, 453 F.3d 245, 251 (5th Cir. 2006) ("[O]ne district judge, whether as a matter of respect and institutional orderliness, if not jurisdiction, should shy from involvement in a case proceeding before another Article III judge."). Exercising restraint in cases involving courts of coordinate jurisdiction "keeps to a minimum the conflicts between courts administering the same law, conserves judicial time and expense, and has a salutary effect upon the prompt and efficient administration of justice." Brittingham v. U.S. Comm'r of Int. Rev., 451 F.2d 315, 318 (5th Cir. 1971). Those considerations are equally, if not more, weighty when a district court's actions would interfere with the operations of an appellate court. As no unusual circumstances are present here, comity between federal courts warrants equitable restraint.

Third, the equitable relief Liviz requests is unavailable because he has an adequate remedy at law. See Porto Rico Tel. Co. v. Puerto Rico Commc'ns Auth., 189 F.2d 39, 41 (1st Cir. 1951) (applying the rule to injunctions); El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 493, 497 (1st Cir. 1992) (applying "traditional principles of equity jurisprudence," including availability of adequate remedy at law, to declaratory judgment action where relief sought was "equitable in nature"). A party that has an opportunity to challenge a ruling made in a concurrent federal proceeding through appeal or application for an extraordinary writ has an adequate remedy at law. See Porto Rico Tel. Co., 189 F.2d at 41; 11A Wright, Miller & Kane, Federal Practice & Procedure § 2942 (3d ed.). Here, the district judges' rulings have been challenged in pending appeals to the First Circuit, and the circuit panel judges' rulings can be challenged in an en banc petition or on appeal to the Supreme Court.[6] Because these adequate alternative remedies are available to Liviz, his equitable claims are frivolous as a matter of law. Cf. Webb v. Vratil, No. 09-2603-CV-FJG, 2009 WL 10694826, at *3 (D. Kan. Dec. 14, 2009), aff'd, 372 F. App'x 909

---

[6] To the extent Liviz is challenging the rulings in the SJC case, the Federal Rules of Civil Procedure provide an avenue for him to request that the case be reopened under certain circumstances. See Fed. R. Civ. P. 60. An unfavorable ruling under Rule 60 would be appealable. See Fed. R. App. P. 4.

11

(10th Cir. 2010) (dismissing as frivolous under Section 1915 claims seeking declaratory and injunctive relief against federal judge because equitable relief was precluded by availability of appeal in concurrent action).

Fourth, Liviz's factual allegations and legal assertions are frivolous.  The decisions he challenges were correctly decided.  Further, his allegation that Amadi was a "fake" case fabricated to create unfavorable precedent with judicial complicity is "delusional" and "wholly incredible."  See Denton, 504 U.S. at 33; Neitzke, 490 U.S. at 328.  Liviz's claims are therefore clearly baseless and warrant dismissal under Section 1915.

## IV.  CONCLUSION

For the foregoing reasons, I dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).  Liviz's motion for leave to proceed in forma pauperis (Doc. No. 2) is denied as moot.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 4, 2019

cc:   Ilya Liviz Sr., Esq.

12